[Civ. No. 3348. Second Appellate District, Division One.—September 14, 1920.]

## BURBANK E. LEWIS, Respondent, v. CHARLES C. TANNER et al., Appellants.

[1] NEGLIGENCE—CROSSING OF STREET—RIGHT OF PEDESTRIAN.—A pedestrian who has crossed the center of a street and reached a point therein upon which vehicles have no right to travel in the direction in which vehicles are traveling on the opposite side of the street cannot be charged with negligence for failure to look for vehicles approaching from the wrong direction until the crossing is completed.

[2] ID.—QUESTION OF FACT—APPEAL.—Even though the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury, and its determination of the question will not be disturbed by an appellate court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert and Stannard A. McNeil for Appellants.

Charles E. Williams and Robertson Abbott for Respondents.

SHAW, J.—In this action plaintiff sought recovery of damages for personal injuries alleged to have been sustained

---

1. Duty of pedestrians to look out for automobiles, notes, 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179.

by colliding with an automobile which defendant negligently operated upon a street at a point where the former was crossing.

Judgment went for plaintiff, from which defendant appeals.

While conceding his own negligence, appellant insists that his plea of contributory negligence, of which he alleged plaintiff guilty, was clearly established by the evidence to the effect, as claimed, that plaintiff while crossing the street neglected to use proper precautions for his own safety in that, conceding the automobile was running on the wrong side of the street and at an unlawful speed, plaintiff might have heard the same and could have seen it had he looked in the direction from which it was approaching. As we gather from the record, and in the absence of any statement as to the existing conditions made by counsel for either party, it appears that the accident occurred on Colorado boulevard, which extends east and west and, measured between curb lines, is eighty feet in width. At the time in question, about 6:10 P. M., November 21st, plaintiff, after looking in both directions and finding the street free from travel, stepped from the curb on the southerly side and proceeded to cross the street diagonally, going in a northeasterly direction. Before he reached the opposite side he was struck by defendant's car, which at the time was being operated at a speed of some thirty-eight miles per hour. Not only was the speed thus unlawful, but there is testimony and circumstantial evidence tending strongly to show that the car was running on the left side of the street near the curb line and struck plaintiff after he had passed the center of the street, as a result of which he had little recollection of the occurrence other than that, *immediately* upon his sensing a bright light which was that upon a car some five hundred feet back of that which caused the injury, and a dim light with which latter it appears defendant's car was equipped, he was rendered unconscious. Indeed, the occurrence was so sudden that plaintiff from his personal knowledge could not say he was struck by an automobile. This evidence, together with testimony not spoken but indicated by designations upon a map of the street and vicinity used at the trial, which in so far as not inconsistent with the record, must, since the burden of establishing the defense rested upon de-

fendant and in the absence of such map not brought up or presented, be considered favorable to the plaintiff, amply justified the implied finding of the jury that the automobile when it collided with plaintiff was not only being run at an unlawful speed, but operated on the left side of the street without any reason therefor, which act was likewise unlawful. (Sec. 20 (a) of Motor Vehicle Act [Stats. 1919, p. 215].) Notwithstanding such facts being established, appellant insists that defendant must be deemed chargeable with negligence because, although he did look for cars proceeding west on the right side of the center of the street, he failed to keep a watchful eye to his rear and left for the approach of cars which might thus unlawfully be operated on that side of the center of the street, and had he done so the accident might not have happened. In other words, he should have anticipated defendant's unlawful act. In support of this contention he cites several authorities, in all of which the circumstances were different from those here involved and were in affirmance of judgments by the trial court. Thus, in *Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 474, [186 Pac. 631], the plaintiff was injured immediately upon stepping off of the curb and colliding with an automobile which was traveling at a lawful speed upon the side of the street to which it was entitled. And in *Sheldon* v. *James*, 175 Cal. 474, [2 A. L. R. 1493, 166 Pac. 8], the automobile was on the side of the street to which it was entitled and, while backing into a parking position at the curb, as it was entitled to do, collided with plaintiff and injured him. In both of these cases the circumstances were such that the plaintiff should, as a reasonably prudent man, have anticipated the peril of his position. [1] Not so in the instant case, where, when struck, plaintiff had reached what he had a right to assume, and was except for defendant's unlawful act, a zone of safety and free from automobiles on that side of the street coming from the direction defendant was traveling, and, hence, under all the circumstances, he may be said to have acted with ordinary prudence and with such regard for his safety as a reasonably prudent man would act, and the application of this rule to the instant case is unaffected by the uncontradicted testimony of the driver of the car that when operated it made a whistling sound that was plainly audible.

The jury might well have discredited such testimony, in view of the fact that notwithstanding his car was badly battered and broken by the impact due to the collision, so that it had to be towed into a garage, the witness testified that he did not know a collision had occurred until thereafter made aware of it by the acts of others. [2] As often said, even though the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury, and its determination of the question will not be disturbed by an appellate court.

What we have said is sufficient answer to appellant's complaint that the court erred in refusing to give certain instructions to the jury. One of these was to the effect that notwithstanding plaintiff had crossed the center of the street and reached a point therein upon which automobiles had no right to travel in the direction in which defendant was operating his car, nevertheless the duty devolved upon plaintiff not only to look in the direction from which the car approached, but to continue to look for cars coming from that direction until he completed the crossing of the street, which instruction, for the reasons hereinbefore given, we hold inapplicable to the facts herein. As to the other requested instructions, the substance thereof was elsewhere given, and, hence, conceding they embodied correct principle of law applicable to the case, no prejudice could result from the failure of the court to repeat them.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.