[L. A. No. 7284.   In Bank.—February 20, 1923.]

## KATHERINE O. KLUSMAN et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY, a Corporation, et al., Respondents.

[1] NEGLIGENCE—CROSSING CAR TRACK—CARE.—One who is about to cross a car line, if she knows that cars are operated in both directions on the tract, is bound in the exercise of ordinary care to look in both directions before stepping upon the tract, and if she does not know that cars are operated in both directions, she is negligent in assuming that they are only operated in one direction without taking the precaution to look in the other direction as well, and in either event in failing to take these precautions she is guilty of contributory negligence as a matter of law, which will prevent her from recovering for injuries sustained by being struck by a car.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Frank A. McDonald and Gesner Williams for Appellant.

Frank Karr, R. C. Gortner and W. R. Millar for Respondents.

WILBUR, C. J.—The plaintiff Katherine O. Klusman stepped upon the track of the defendant Railway Company in front of a north-bound interurban train going from Los Angeles toward Glendale. The accident occurred at the intersection of Berkeley, Alvarado, and Glendale Boulevard, in Los Angeles. This action was brought to recover the damages sustained by the plaintiffs as a result of the collision. Defendant's motion for a nonsuit was granted and a judgment in their favor entered and plaintiffs appeal. The defendant Railway Company owns a three-track system of railway at the scene of the accident. The middle track is used by the outgoing and incoming interurban cars, the easterly track by north-bound and the westerly track by south-bound local cars traveling from Los Angeles to Edendale, terminating at the street intersection where the accident occurred. According to the testimony of the plain-

tiff she alighted from the north-bound Edendale car after it had stopped at its terminus, walked south along the side of the car, passed around the end of the car in which she had been riding, stepped upon the middle track, and was almost instantly struck by a car proceeding in the same direction as the car in which she had just arrived. She testified that a second car upon the local line had arrived and was standing about sixty feet in the rear of the car from which she alighted and that the headlight thereon was burning brightly, illuminating the scene of the accident. The plaintiff testified that after arriving at the rear of the car in which she had been riding she turned to the west and proceeded without looking toward the south at all and was not aware of the approach of the car from the south until she was struck by it. She testified that it was a drizzly damp night and that it seemed very dark; that she had visited the place where the accident occurred a number of times and admitted that she knew there were three tracks there, but stated she was not very familiar with that fact; that she had gone there in the evening and had paid very little attention to the tracks.

[1] If the plaintiff knew that cars were operated on the middle track in both directions she was bound in the exercise of ordinary care to look in both directions before stepping upon the track. If she did not know that cars were operated in both directions upon the middle track she was negligent in assuming that cars were only operated in one direction without taking the precaution to look in the other direction as well. From either point of view the conclusion of the trial court that she was guilty of negligence as a matter of law was correct.

Judgment affirmed.

Waste, J., Kerrigan, J., Myers, J., Lennon, J., Lawlor, J., and Seawell, J., concurred.