[Civ. No. 4734. First Appellate District, Division Two.—March 19, 1924.]

## MYRTLE BOLLES, Respondent, v. W. R. BOONE, Appellant.

[1] NEGLIGENCE — INTENTION TO BOARD STREET-CAR — DUTY OF APPROACHING VEHICLE—PROVINCE OF JURY.—Where a pedestrian intending to board a street-car, before leaving her place of safety on the curb, looks in the direction of approaching traffic and sees that the street-car has left its last stopping place one block away and that no automobile is traveling ahead of it, she has a right to assume that any vehicle coming from that direction will observe the statutory regulation as to rate of speed and that, if any such vehicle shall attempt to pass the street-car at the intersection where she stands for the purpose of boarding the car, such vehicle will observe the provisions of the statute requiring it to pass at least six feet from the right running-board or steps of the street-car; and whether it is her right to assume that no vehicle will suddenly pass the street-car within the block and proceed upon its right of way at a rate of speed greatly in excess of the statutory rate, especially upon a dark rainy night, is a question which is properly left to the jury.

[2] ID.—FAILURE TO CONTINUE TO LOOK — CONTRIBUTORY NEGLIGENCE. In this action for damages for personal injuries suffered by plaintiff as the result of having been struck by an automobile driven by defendant, plaintiff having looked in the direction of approaching traffic before leaving her place of safety on the curb and having ascertained that no automobile was traveling ahead of the approaching street-car which she intended to board, it could not be said that she was guilty of contributory negligence as a matter of law because she failed to continue to look in the direction of the approaching traffic after she had taken a position about three feet away from the car rail awaiting the approach of the street-car, there being no evidence justifying the conclusion that, if she had so looked or if she had not held an umbrella over her head, she could have saved herself from injury.

(1) 28 Cyc., pp. 27, 49.   (2) 28 Cyc., p. 49.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

1. Rights and duties of pedestrians and vehicles in highways, notes, 4 Ann. Cas. 398; Ann. Cas. 1914A, 249. See, also, 3 Cal. Jur. 870, 875; 2 R. C. L. 1186.

The facts are stated in the opinion of the court.

Donahue, Hynes & Hamlin for Appellant.

H. S. Craig for Respondent.

NOURSE, J.—This is an appeal from a judgment in favor of the plaintiff in the sum of six thousand dollars for personal injuries sustained by her when struck by an automobile driven by the defendant on one of the public streets of the city of Oakland. The facts of the case are that one rainy night in February, 1922, at about 7:45 P. M., plaintiff, a foot-passenger, endeavored to board a Telegraph Avenue street-car at a regular stopping place on Telegraph Avenue near Thirty-eighth Street. She stood upon the curb and looked to her left, watching for the approach of a car. As a car approached she went through the traffic to the street-car track, but the car failed to stop and she returned to the curb. She remained at the curb watching for the approach of another car from her left. When she saw a car leave the last stopping place, one block away, she again went through the traffic and took a position about two or three feet from the outer car rail where she awaited the approach of the car. While standing there she had an umbrella over her head to protect herself from the rain, and after taking that position she did not look to her left to observe the approach of other vehicles. Before she left the curb she noted that no other vehicles preceded the street-car as it came upon the track. While standing there she was struck by the defendant's automobile, which was traveling astraddle of the outer rail of the car line at a rate of speed of about thirty miles an hour. The force of the impact was so great that she was thrown or carried a distance of thirty feet and suffered injuries which were within the award of damages made by the jury. At the time of the collision the defendant was proceeding in an admittedly careless and negligent manner and in violation of the motor vehicle statute, without any warning of his approach, and with his vision obscured by the rain upon his windshield so that he did not observe the presence of the plaintiff until after she had been struck. The evidence of this negligence on the part of the defendant is so plain and unmistakable that the only ground urged

upon this appeal is that, conceding this, the plaintiff was guilty of contributory negligence. The only question, therefore, before us is whether the respondent was guilty of contributory negligence as a matter of law requiring us to set aside the verdict of the jury on that issue.

The case is closely allied in facts to that of *Haines* v. *Fewkes,* 190 Cal. 477 [213 Pac. 490], the only difference being that in that case the pedestrian had crossed the street-car tracks and had taken a position which she assumed to be a place of safety to await the passage of an automobile approaching from the south, when she was suddenly struck by another automobile coming from the same direction; while in this case the respondent carefully looked in the direction of approaching traffic before she left her place of safety on the curb and took a position which she assumed to be a place of safety for the purpose of boarding the street-car, when she was struck by an automobile which had swerved in front of the street-car and approached her unawares. In the Haines case the supreme court held that it was not contributory negligence as a matter of law.

A similar case is *Mann* v. *Scott,* 180 Cal. 550, 554 [182 Pac. 281, 283], where the court said: ''And it may be that if the jurors in this case rejected, as improbable, respondent's testimony that she looked and saw no approaching automobile, they, nevertheless, concluded—as well they might —that if she did see the automobile before leaving the sidewalk, she reasoned that its driver would comply with the city ordinance, referred to in the court's instructions, requiring an automobile traveling behind a street-car to stop ten feet in the rear of the car if it stops to let off or take on passengers, until the passengers have safely alighted from or boarded the car. Whether, if she saw the automobile respondent would have been warranted in going toward the street-car without further watching the automobile approach, relying upon a compliance by the appellant with the requirements of the ordinance, was a question upon which men's minds might well differ, and hence it was properly a case for the jury.''

[1] Here the undisputed facts are that the respondent, before she left her place of safety on the curb, looked in the direction of approaching traffic and saw that the street-car had left its last stopping place one block to her left

and that no automobile was traveling ahead of it. She had the right to assume, therefore, that any vehicle coming from that direction would observe the statutory regulation as to rate of speed and that, if any such vehicle attempted to pass the street-car at the intersection where she stood for the purpose of boarding the car, such vehicle would observe the provisions of the statute requiring it to pass at least six feet from the right running-board or steps of the street-car. Whether it was her right to assume that no vehicle would suddenly pass the street-car within the block and proceed upon its right of way at a rate of speed greatly in excess of the statutory rate, especially upon a dark rainy night, was a question which was properly left to the jury.

The case before us differs in this respect from *Klusman* v. *Pacific Elec. Ry. Co.*, 190 Cal. 441 [213 Pac. 38], and *Atkins* v. *Bouchet*, 65 Cal. App. 94 [223 Pac. 87], where the pedestrian walked blindly into a place of danger without using any means of care for his own safety.

[2] In support of the appeal the appellant insists that "the conclusion is irresistible that respondent, had she looked, could have seen and avoided the danger, and it is the sole purpose of this brief to show that it was her duty as a matter of law to look."

More than this is necessary to support a plea of contributory negligence. Mr. Justice Myers, in *Gett* v. *Pacific Gas & Elec. Co.*, 192 Cal. 621 [221 Pac. 376, 380], in discussing the plea of contributory negligence, said: "In this defense the burden is upon the defendant to prove two things: (1) that the plaintiff was negligent; (2) that such negligence was a proximate cause of the injuries complained of. If he fails to prove either of these things this entire defense falls." So with the case before us it is purely a matter of conjecture whether the respondent could have avoided injury if she had looked to her left after she had taken her position near the street-car rail. She was attempting to board the street-car at a regular stopping place at which a "stop" sign was exhibited. The automobile traffic on that side of the street was very heavy, especially at that time of night. This was brought out by appellant's cross-examination of the witness Claypool, who was attempting to board the same car with the respondent. This witness testified: "Q. On this night you walked out into the street, or rather to the car

tracks on the street, when this first car came along? A. As I recall it, I did not get out as far as the car track because of the automobiles that were passing. They were racing past and the motorman did not see us as he passed. Q. There were lots of automobiles going on Telegraph Avenue that night? A. I would not say 'lots.' Q. A great many? A. From time to time. Q. When this first car came along, this car that did not stop, there were so many automobiles coming along Telegraph Avenue, going in a southerly direction that you could not get out to flag the car, that is true? A. Yes, as I recall it. . . . And all that time you were standing there were automobiles proceeding along the westerly side of Telegraph Avenue, going south? A. I don't recall any particular number of cars. Q. I appreciate that, but the fact which I am simply trying to find out from you, young man, is if there were not automobiles continually going in a southerly direction on the westerly side of Telegraph Avenue as you stood there? A. There probably were.'' It is true that this witness, a young man of about twenty years, who stood ten feet away from the respondent, saw the approach of defendant's automobile in time to jump to a place of safety. But it is purely a matter of conjecture whether this respondent could have saved herself from injury if she had looked. On this phase of the case appellant offered no proof, his whole plea of contributory negligence depending upon the evidence that the respondent held an umbrella over her head and that she did not look to her left as she stood at a point three feet from the car rail awaiting the approach of the street-car—a position which she assumed to be a place of safety. It cannot be said with certainty, therefore, that if she had looked to her left or had not held the umbrella over her head she would have escaped the injury. If the conditions were such that she could have escaped had she so looked or had she not held the umbrella over her head, those were matters which it was incumbent upon the appellant to prove. Upon the record before us, therefore, we are unable to say that the respondent was guilty of negligence as a matter of law. (See, also, *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125], and *Burgesser* v. *Bullock's*, 190 Cal. 673 [214 Pac. 649].)

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 15, 1924.

All the Justices concurred.