[Civ. No. 6880.  First Appellate District, Division One.—December 17, 1929.]

GUISEPPE  PATANIA,  Respondent,  v.  YELLOW-CHECKER  CAB  CO. et al., Appellants.

Courtney L. Moore for Appellants.

Reisner & Deming for Respondent.

THE COURT.—The plaintiff in the above action was the father of Paulino Patania, a girl aged eleven years, who was struck and killed by an automobile owned by defendant Yellow-Checker Cab Co., a corporation, and operated by P. M. James, its servant. A jury returned a verdict against the defendants, and from the judgment entered thereon both have appealed. As grounds therefor it is contended that both the plaintiff and his daughter were guilty of contributory negligence as a matter of law.

At about 11 o'clock A. M. on May 20, 1926, the plaintiff and his daughter alighted from the rear exit of a street-car which was proceeding north along the east side of Powell Street in San Francisco, and which had stopped near the southeast corner of Powell and Greenwich Streets to discharge passengers. The street-car line is double tracked and the plaintiff's home, which was his destination, was on the west side of Powell Street between 80 and 100 feet south of the southwest corner of the above streets. The evidence shows that the point where they alighted was approximately the length of the car south of the south property line of Greenwich Street; that when the car proceeded both plaintiff and his daughter started from that point to cross to the west curb of Powell Street, which was distant about 30 feet. The child, who was walking rapidly, preceded the plaintiff by five or six feet. Her course was not directly toward the curb, but diverged somewhat to the south toward the residence of the plaintiff. It further appears that the automobile reached the north line of Greenwich Street at about the time the street-car started, and that after the south line of the street was reached the brakes were applied. According to one witness the automobile was then running at a speed of about 35 miles per hour, and skidded a distance of 47 feet, the end of the skid mark being 75 feet south of the south property line of Greenwich Street. When stopped the machine was partially upon the westerly car track. The plaintiff was returning from a hos-

pital to which he had been accompanied by his daughter. He was weak and partially paralyzed, and for some months previous had been confined to his bed. According to the plaintiff the automobile was nearly in front of him when he passed the rear of the street-car and as soon as he observed it shouted a warning to the driver.

It has been held that an adult familiar with travel conditions, who alights from a street-car in the daytime and for the purpose of crossing the street passes to the rear of the car, and before attempting to cross neglects to look for street-cars approaching from the opposite direction, is guilty of contributory negligence as a matter of law. (*Klusman* v. *Pacific Electric Ry. Co.*, 190 Cal. 441 [213 Pac. 38]; *Ross* v. *Pacific Electric Ry. Co.*, 39 Cal. App. 658 [179 Pac. 538].) It is the duty of a pedestrian to look before starting to cross a street (*Davis* v. *Breuner Co.*, 167 Cal. 683 [140 Pac. 586]), but he is not precluded from recovering by reason of the fact that he was crossing between intersections (*Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709]; *Broedlow* v. *LeGros*, 88 Cal. App. 671 [263 Pac. 1027]), or diagonally; but in either case a greater degree of care must be observed than where an established crosswalk is used (*Sheldon* v. *James*, 175 Cal. 474 [2 A. L. R. 1493, 166 Pac. 8]); and the defense of contributory negligence may be invoked in an action by or on behalf of a child or brought by the parent for damages on account of the child's death, where the latter was of an age sufficient to exercise discretion for the avoidance of injury. A child, however, is not held to the same degree of care as an adult, and is only required to exercise that degree of care which is ordinarily exercised by minors of like age, mental capacity and discretion. There is no precise age at which as a matter of law a child is to be held accountable for his actions to the same extent as one of full age. The question as to the capacity of a particular child at a particular time to exercise care to avoid a particular danger is one of fact falling within the province of a jury to determine (*Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126 [138 Pac. 712]). The rule has been applied in cases where the ages of the children sought to be charged with contributory negligence varied from twelve to fifteen years (*Cahill* v. *E. B. & A. L. Stone*

*Co., supra; Bowdoin* v. *Southern Pac. Co.,* 178 Cal. 634 [174 Pac. 664]; *Morris* v. *Standard Oil Co.,* 188 Cal. 468 [205 Pac. 1073]; *Schroeder* v. *Baumgarteker,* 202 Cal. 626 [262 Pac. 740]; *Greeneich* v. *Knoll,* 73 Cal. App. 1 [238 Pac. 163]).

The trial court, however, is not bound in such cases to submit the question to the jury when no other inference than that of negligence on the part of the child can be drawn from the facts (*Studer* v. *Southern Pac. Co.,* 121 Cal. 400 [66 Am. St. Rep. 39, 53 Pac. 942]); and a finding that the child was guilty of contributory negligence will be upheld where the evidence shows a want of such care to avoid danger as might reasonably be expected from a person of its age and capacity (*Opelt* v. *Al. G. Barnes Co.,* 41 Cal. App. 776 [183 Pac. 241]; *Todd* v. *Orcutt,* 42 Cal. App. 687 [183 Pac. 963]). While in the present case the jury might have concluded from portions of plaintiff's testimony that the deceased failed to look in the direction from which the automobile approached, he also testified that he did not know whether she looked in that direction or not. Notwithstanding any inconsistencies in his testimony, his credibility was a question for the jury (*Withers* v. *Massengill,* 148 Cal. 769 [84 Pac. 153]; *Estate of Gird,* 157 Cal. 534 [137 Am. St. Rep. 131, 108 Pac. 499]). The presumption is that the child was at all times exercising the requisite amount of care for her own safety (Code Civ. Proc., sec. 963, subd. 4), and until overcome by proof to the contrary the fact presumed was evidence, in accordance with which the jury was bound to decide (*Hatzakorzian* v. *Rucker-Fuller Desk Co., supra*). The finding was against the plea of contributory negligence and the evidence was such as to sustain rational differences of opinion on that issue. Even where the facts are undisputed, if different inferences might reasonably be drawn therefrom the question of negligence is one for the jury (*Lewis* v. *Tanner,* 49 Cal. App. 271). Under the circumstances shown the issue was properly submitted to the jury, and we cannot say that their conclusion was unsupported.

Where a parent sues to recover damages for a child's wrongful death, recovery may not be had if the negligence of the parent proximately contributed thereto (*Zarzana* v. *Neve Drug Co.,* 180 Cal. 32 [15 A. L. R. 401, 179 Pac. 203]; *Waterman* v. *Visalia Electric R. R. Co.,* 23 Cal. App. 350

[137 Pac. 1096]; *Keena* v. *United Railroads of San Francisco,* 57 Cal. App. 124 [207 Pac. 35]). █ The testimony shows that the child's whole life was spent in the vicinity of the place where she met her death, and that she was intelligent and familiar with street conditions. The record also discloses evidence that she had been warned by her parents of the dangers from approaching vehicles and the necessity for watchfulness in that respect. It was not negligence *per se* for plaintiff to permit her to cross the street unattended (*Metcalf* v. *Romano,* 83 Cal. App. 508 [257 Pac. 114]; *Wong Kit* v. *Crescent Creamery Co.,* 87 Cal. App. 563 [262 Pac. 481]); and in view of the physical and mental condition of the plaintiff the question whether he was lacking in due care under the circumstances was one for the jury.

After a review of the evidence we are satisfied that the jury was justified in concluding that the proximate cause of the damage was the negligent operation of the automobile, and that neither the plaintiff nor his daughter was guilty of contributory negligence.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 16, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1930.

All the Justices present concurred.