[S. F. No. 13480. In Bank.—July 2, 1931.]

ALLEN DINSMORE (a Minor), etc., Appellant, v. CALI-FORNIA HIGHWAY INDEMNITY EXCHANGE (an Association) et al., Respondents.

108

Edmund J. Holl for Appellant.

B. P. Gibbs, Barry J. Colding and Theodore Hale for Respondents.

THE COURT.—This is an action for personal injuries brought by plaintiff, a minor, by his guardian *ad litem.* Plaintiff, who is a boy of eight, was riding on a street-car bound east on Haight Street in San Francisco. The car reached Buchanan Street and plaintiff got off the front end, where he was struck by a jitney bus driven by defendant John Volz. He sustained severe injuries, and sued the driver of the bus and California Highway Indemnity Exchange, which had issued to the driver an insurance policy under the provisions of an ordinance of the city and county of San Francisco which made the insurer liable for damages resulting from negligent operation of the bus, up to the sum of $5,000. At the conclusion of the trial, the court, upon motion of counsel for defendants, directed the jury to bring in a verdict for the defendants. Disregarding that order, the jury returned a verdict for plaintiff in the sum of $3,000, which verdict was set aside by the court.

The grounds upon which the verdict was directed are, first, that the evidence fails to show any negligence on the part of the driver; second, that contributory negligence of the plaintiff is shown; and third, that the evidence does not establish the liability of the defendant insurance company for an injury arising out of the operation of the particular automobile involved herein.

With respect to the first ground, the record shows that the driver of the bus had nine passengers in the car. Two were in the front seat with him, and another was seated on the front door. The driver knew the street very well, saw the street-car, and was proceeding to pass it. His machine cleared the street-car by only two feet, in violation of the provisions of the California Vehicle Act, section 134.

He gave no signal or warning, contrary to a city ordinance requiring the sounding of bell or horn by a jitney bus approaching an intersection. The testimony varies as to the speed at which he was going, the estimates ranging from ten to twenty miles an hour, which latter figure would constitute another violation of section 134 of the California Vehicle Act. The evidence is also conflicting as to whether the car had stopped when he attempted to pass it, but several witnesses testified that it had. It appears that plaintiff had taken one or two steps after alighting from the car, but the driver testified that he did not see him until he was only a foot in front of the automobile. Several witnesses testified that five or six seconds elapsed between the time plaintiff alighted and the moment of the impact. We need go no further into this phase of the case. There is obviously sufficient evidence indicative of negligence upon which to go to the jury. (See *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125].)

The alleged contributory negligence of plaintiff is derived from his own testimony that he did not look in the direction from which the automobile was coming. The following excerpts from the cross-examination cover the point:

"Q. Now, before you got off the street car, Allen, did you look to see if there was any automobile coming?

"A. No, when I—usually when I get off the street car the machines stop in back.

"Q. You did not look on this special morning?

"A. No.

"Q. Do you ever look?

"A. Yes, when I get off in the back I look but when I get off in the front I don't look.

"Q. Why do you look, Allen?

"A. Because sometimes I want to jump off and sometimes I just get off and walk to the corner."

He was also asked whether he knew that if he jumped off and an automobile was coming, the automobile would hit him, and he answered that he did; and he also testified that he was walking fast, or running.

It may well be questioned whether this evidence would be sufficient to hold an adult guilty of contributory negligence as a matter of law; but we are satisfied that it can have no such result in the case of a child of eight years, who cannot

be held to the same standard of care as a mature person. (See *Pantania* v. *Yellow-Checker Cab Co.,* 102 Cal. App. 600 [283 Pac. 295].) In effect, plaintiff testified that he alighted from the front end of a stationary street-car, took several steps, and did not look for automobiles because he expected drivers to follow their usual practice (and, he might have added, the law) by either stopping or clearing the car by sufficient space to permit passengers to alight in safety. We see nothing unreasonable in this notion in the mind of a young child. It was one which was apparently based upon his experiences in the past. He testified also, on direct examination: "I got off at Buchanan and then I waited until—for my sister to get off, and as I started to go over the machine came along and I didn't know what to do, I got all excited, and the machine came along and hit me." Placed in a position of extreme peril by the conduct of the driver of the jitney bus, it is no wonder that he could think of nothing to do. We are satisfied that this issue, like the other, should have gone to the jury. The case of *Moeller* v. *Packard,* 86 Cal. App. 459 [261 Pac. 315], relied upon by defendants as controlling here, is not in point at all. In that case a child ran from the side of a highway directly into the path of an automobile. This action was characterized by the court as reckless and not excusable even in the case of a child of eight and one-half years. Counsel for defendants say in their brief: "Except that the child left the side of the highway instead of a street-car to plunge into a place of peril, the circumstances of the Moeller case are strikingly similar to those of the case at bar . . . " But the similarity begins and ends with the fact that the plaintiff in each case was in a position of peril. The essential distinguishing fact is that in the Moeller case, the peril was caused by the child's unreasonable conduct, without any unlawful act by the driver, while here, the peril was caused by the unlawful conduct of the driver in attempting to pass a street-car, stationary or nearly so, without sounding his horn and without giving it proper clearance.

The final question is whether the court was correct in its view that plaintiff had failed to show liability on the part of defendant California Highway Indemnity Exchange. Counsel for plaintiff first read into the record that portion of the city ordinance requiring a bond or insurance policy

of jitney drivers, which provides that the liability thereon shall inure to the benefit of persons injured by the operation of the automobile. He then offered in evidence a policy of automobile liability insurance issued by defendant company to defendant Volz, covering a Buick automobile. A rider on the policy, of subsequent date, provided for coverage of a Cadillac machine. A later indorsement stated that the policy was amended to cover the Cadillac instead of the Buick. The defendant Volz testified that he was driving a Cadillac at the time of the accident, and that this was the automobile which had been substituted for the Buick, he had driven when he first applied for his jitney license. This was sufficient to make out a *prima facie* case against the defendant company. If the car was not, in fact, the one covered by the policy, defendants had abundant opportunity to make this defense. They did not; and there was enough evidence for the jury to draw the inference that the policy covered the car which caused the injury. This question, too, should have gone to the jury.

There being no merit in any of the grounds upon which the court directed a verdict for defendants, it follows that the judgment must be and it is hereby reversed.