[Civ. No. 12077.   Second Appellate District, Division One.—October 15, 1940.]

BERSOP  MACARDICHIAN  AKOBOFF, Appellant,  v. FRANK DUSENBURY, Respondent.

Earl E. Moss and H. W. Steiner for Appellant.

Parker & Stanbury and Raymond G. Stanbury for Respondent.

WHITE, J.—Plaintiff brought this action for damages for the wrongful death of her minor son, who died from the effects of injuries received when he was struck and run over by an automobile operated by the defendant Frank Dusenbury. John Macardichian, father of the child and former husband of the plaintiff, was joined as a defendant, but did not appear at the trial. Trial was commenced before a jury, but at the conclusion of plaintiff's evidence defendant Dusenbury chose to waive the jury, and no objection being interposed by plaintiff, the trial proceeded before the court. The trial judge found as facts that the sole proximate cause of the accident was the negligence of the deceased minor child and that so far as defendant Dusenbury was concerned the accident was unavoidable and "resulted without negligence or carelessness" upon his part. Judgment was accordingly entered that plaintiff take nothing from which judgment she prosecutes this appeal.

From the record it appears that on the morning of December 12, 1936, the deceased, a boy of the age of nine years, attempted to cross from the north to the south side of Anaheim-Telegraph Road, an "arterial highway" in the City of Los Angeles, at a point about 60 feet east of its intersection with Ford Boulevard. When the boy reached the center of the street he broke into a run, and while running was struck by the car of defendant Dusenbury, who was driving east on the south side of the street. At the scene of the accident Anaheim-Telegraph Road is 70 feet wide; it was a clear day and the traffic was light.

The witness Mike Akoboff testified that he saw the accident from the sidewalk; that the boy looked both ways before stepping into the street, and then walked straight across until he reached the center of the street, when he began to run and was struck at a point about 10 feet from the opposite sidewalk. This witness estimated the speed of the car at from

45 to 55 miles per hour, but stated that he did not see the car until it struck the boy, and that it came to a stop in about 25 feet after the impact, without skidding. Another witness, Charles Mainer, testified that he first saw the car as one of its rear wheels was passing over the boy, and that the car stopped in about one length or 15 feet; that at the time he saw the car it was traveling between 15 and 20 miles per hour. Akoboff testified that there was no other traffic on the street, and Mainer stated that he did not see any other cars. The defendant Dusenbury, called as a witness in his own behalf, testified that he was traveling between 20 and 25 miles per hour, and that he first saw the boy "a fraction of a second" before the impact, when he was about 6 feet away; that he applied his brakes, but the car struck the boy, passed over him and went on about a length and a half before coming to a stop.

As sole ground for reversal appellant urges that the only reasonable conclusion which could be drawn from the evidence was that respondent was negligent, because, under the undisputed physical facts as to the conditions in the street, respondent must have seen the boy much sooner than he admitted seeing him, and hence had the last clear chance to avoid the accident. Respondent testified to seeing another car entering Anaheim-Telegraph Road from Union Pacific Avenue, which runs into Anaheim-Telegraph Road from the south about 70 feet east of Ford Boulevard. From this testimony and the physical facts, argues appellant, it conclusively appears that respondent was looking straight ahead at the time of and prior to the accident. "The one point of conflict," says appellant, "is whether respondent saw the child sooner than he asserts, and within time to permit him to stop his automobile . . . Where the physical facts show that the respondent was watching the entire highway, that the weather was clear, that there were no obstructions to his view, and that the child traversed at least 48 feet of the street before being struck, the only reasonable conclusion which can be drawn is that the respondent saw the boy during all or most of the time he was crossing the street."

From a consideration of the foregoing factual situation appellant is not aided, even though we assume respondent was guilty of negligence, because there can be no question of the negligence of the decedent. This for the reason that the ac-

cident did not occur at an intersection having either a "marked" or "unmarked" crosswalk, but deceased was struck at a point some 60 feet west of the nearest street intersection. Therefore, in crossing the main thoroughfare decedent was not only obliged to "yield the right of way" to the automobile of respondent, but was required at all times, in his use of the highway, to exercise due care. (Vehicle Code, sec. 562a.) From the conduct of decedent it is obvious that he made no effort to do either one or the other, and it is equally manifest that his failure in that regard contributed proximately to the happening of the accident. Consequently, appellant herein could recover no damages. The deceased child in this case having admittedly attained sufficient age to exercise discretion in the avoidance of injury, the defense of contributory negligence may be invoked in an action brought by a parent for damages on account of the child's death (*Patania* v. *Yellow-Checker Cab Co.*, 102 Cal. App. 600 [283 Pac. 295]); while the question of the capacity of a particular child to exercise care to avoid danger is ordinarily for the trier of fact. (*Cahill* v. *E. B. and A. L. Stone Co.*, 167 Cal. 126 [138 Pac. 712].) The following are cases where the ages of the minors varied from 8 to 11 years, and the question of capacity to avoid injury and danger was determined as one of fact: *Patania* v. *Yellow-Checker Cab Co.*, *supra*; *Moeller* v. *Packard*, 86 Cal. App. 459 [261 Pac. 315]; *Moss* v. *Stubbs*, 111 Cal. App. 359 [295 Pac. 572, 296 Pac. 86]. The youth in the instant case was 9 years of age, and concerning his intelligence his mother testified: "He was wise and very clever—I mean he was very smart—he was very smart." From the facts in the present case there is nothing which would warrant us in saying as a matter of law that the child was wanting in capacity to use ordinary care for his own safety.

Finally appellant urges that we disregard the finding of the trial court and conclude from the evidence herein that respondent had the last clear chance to avoid the accident and failed to exercise it. However, the evidence does not bring the case within the rule where the doctrine of the last clear chance becomes applicable. The rule in question is applicable only in a case where the person injured is known to be in a position of peril from which he cannot extricate himself by the exercise of ordinary care. (*Palmer* v. *Tschudy*,

191 Cal. 696 [218 Pac. 36]; *Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 Pac. (2d) 915]; *Center* v. *Yellow Cab Co.*, 216 Cal. 205 [13 Pac. (2d) 918].) █ While the deceased was negligent, he was not in a position from which he could not have escaped by the exercise of ordinary care. He could have stopped or refrained from running when he was in the center of the highway, and would thereby have freed himself from whatever perilous position he might have been in. Neither can it be said as a matter of law that respondent was aware, or in the exercise of ordinary care should have been aware, of any dangerous situation from which the deceased was not able to extricate himself while yet it lay within the power of respondent by the use of ordinary care to avoid the injury.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.