[Civ. No. 1412. Second Appellate District.—November 14, 1913.]

KATE MEDLIN, Respondent, v. M. SPAZIER, Appellant.

NEGLIGENCE — WHAT CONSTITUTES — CIRCUMSTANCES OF CASE.—Negligence is a comparative term, and hence the degree of care which in one case would constitute negligence might in another be deemed the exercise of more than prudence. Of necessity the question presented is nearly always one of fact for the jury to determine from the circumstances surrounding the case.

ID.—AUTOMOBILE COLLIDING WITH PERSON ALIGHTING FROM STREET-CAR.—Where a city ordinance provides that drivers shall not operate their vehicles within four feet of the lowest step of a street-car which is taking on or letting off passengers, a passenger alighting from a car has the right to assume that the ordinance will be observed. She is not required, while in the protected zone, to look up and down the street for approaching vehicles, and if she is struck by an automobile, her failure to so look cannot be urged as contributory negligence in her action for resulting injuries.

ID.—WITNESS FALSE IN PART—REFUSAL OF INSTRUCTIONS RESPECTING.—The refusal of the court in such action to instruct the jury at the request of the defendant that a "witness false in one part of his testimony is to be distrusted in others," while erroneous, when witnesses for the plaintiff have testified that the defendant's automobile was running at the time of the accident but witnesses for the defendant have testified that the automobile was standing still, is not reversible error, where it is apparent from the verdict that the jury did not believe the testimony of the defendant's witnesses.

ID.—WITNESS FALSE IN PART—IMPORTANCE OF INSTRUCTION CONCERNING.—An instruction that a "witness false in one part of his testimony is to be distrusted in others," belongs to that class of instructions which pertain to mere commonplace matters that jurors are presumed to know about and act upon in the absence of being instructed thereon. Hence if not prejudicial to the case of the complaining party, neither the giving nor the refusing of such instruction will be held ground for reversal.

ID.—REFUSAL TO GIVE INSTRUCTIONS COVERED BY OTHER INSTRUCTIONS.—The refusal of the court to give several instructions touching the question of contributory negligence, as requested by the defendant, is not error, if they are covered by other instructions given.

ID.—POSSESSION OF FACULTIES BY PLAINTIFF—REFUSAL OF INSTRUCTION REGARDING.—Instructions to the effect that the defendant had a right to assume that the plaintiff was in full possession of her faculties of sight and hearing, unless he had notice to the contrary, was properly refused, if there was no claim that the plaintiff was not in full possession of such faculties, or that by reason of the want thereof any greater duty devolved upon the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Davis, Lantz & Wood, for Appellant.

H. G. Redwine, for Respondent.

SHAW, J.—This is an action to recover damages for personal injuries alleged to have been sustained by reason of defendant's negligence in operating an automobile which struck plaintiff as she alighted from a street-car. Defendant answered, denying the alleged negligence on his part, and as a separate defense alleged that plaintiff was guilty of contributory negligence.

The case was tried by a jury the verdict of which was in favor of plaintiff, in accordance with which judgment was entered in her favor. Defendant prosecutes this appeal from the judgment and from an order denying his motion for a new trial.

About 2 o'clock in the afternoon, plaintiff was a passenger on a street-car traveling north on Spring Street in Los Angeles. At the intersection of Sixth Street, where the car stopped, she with others alighted from the rear exit of the car on the east side of the street, intending to cross the driveway to the sidewalk, at which time she collided with an auto operated by defendant traveling north on said east side of the street, was knocked down and sustained the injuries upon which the claim for damages is based.

There was evidence tending to prove that defendant in operating the auto gave no warning of his approach, and violated the city ordinance in that, while attempting to pass the street-car, which had stopped for the purpose of taking on and letting off passengers, he neglected to keep his vehicle at least four feet from the lowest step of the car.

Notwithstanding such showing of negligence on the part of defendant, appellant claims that the evidence as a matter of law shows that the injury to plaintiff was due to her own negligence, for the reason that she did not look down the street in the direction of the approaching auto when she got off the car. This contention is without merit. Negligence is a comparative term, and hence the degree of care which in one case would constitute negligence might in another be deemed the exercise of more than prudence. Of necessity the question presented is nearly always one of fact for the jury to determine from the circumstances surrounding the case. (*King* v. *Green,* 7 Cal. App. 473, [94 Pac. 777].) Moreover, the evidence clearly tends to prove that the car had stopped at the usual place and passengers were getting on and off the same;

that plaintiff was within four feet of the lower steps of the
car, within which zone defendant was by ordinance prohibited
from running his auto; that the auto was being run within
about two feet of such steps. "The general rule is that every
person has a right to presume that every other person will
perform his duty and obey the law, and in the absence of
reasonable ground to think otherwise it is not negligence to
assume that he is not exposed to danger which can come to
him only from violation of law or duty by such other per-
son." (29 Cyc. 516.) Plaintiff had the right to assume that
while within such zone she occupied a position of safety, and
in the absence of any warning or reason to believe that de-
fendant would violate the city ordinance, she was not negli-
gent in failing to look up and down the street when she
alighted from the car to see if the drivers of approaching
vehicles were operating same on that part of the street upon
which they were prohibited from traveling. Contributory
negligence cannot be predicated upon the assumption that one
will violate the law; hence plaintiff was not negligent in fail-
ing to look in order to see if defendant was running his auto
within what was prescribed as the zone of safety for passen-
gers alighting from the car. Being lawfully there, she had
the right to assume that for the time being she would be as
safe from collision with automobiles as she would be upon
the sidewalk.

The refusal of the court to instruct the jury that a "wit-
ness false in one part of his testimony is to be distrusted in
others" is assigned as error. The testimony of plaintiff and
three of her witnesses, to the effect that defendant's auto was
running at the time when the collision occurred, is flatly con-
tradicted by defendant and three of his witnesses, who testi-
fied that at the time the auto was standing still and that
plaintiff was not struck by it but fell in front of the auto.
Section 2061 of the Code of Civil Procedure, provides that
"on all proper occasions" the jury "are to be instructed by
the court" . . . "that a witness false in one part of his
testimony is to be distrusted in others." We entertain no
doubt that the case at bar, by reason of a direct conflict of
testimony adduced upon a material fact, was a proper occa-
sion for the giving of the instruction requested, and the court
erred in its refusal to give it. (*Thomas* v. *Gates,* 126 Cal. 4,

[58 Pac. 315].) Such instruction, however, belongs to that class of instructions which are said to pertain to mere commonplace matters that jurors are presumed to know about and act upon in the absence of being instructed thereon. (*People* v. *Delucchi,* 17 Cal. App. 96, [118 Pac. 935].) Hence, if not prejudicial to defendant's case, neither the giving nor refusal of them will be held to be a ground of reversal. (*People* v. *Corey,* 8 Cal. App. 728, [97 Pac. 907], and cases there cited.) It is apparent from the verdict returned that the jury did not believe the testimony of defendant's witnesses, to the effect that when plaintiff alighted from the car the auto was not running, but standing several feet away by the street curb. Clearly the jury was satisfied that the testimony of defendant and his witnesses was willfully or otherwise false. This being true, it is impossible to perceive how defendant's substantial rights could have been prejudiced by the refusal to give the instruction. In our opinion, had it been given, the verdict must necessarily have been the same. Under section 475 of the Code of Civil Procedure, error is not presumed to be prejudicial, and it is made the duty of the court to disregard any error or instruction which in the opinion of the court does not affect the substantial rights of the parties.

The refusal of the court to give several instructions touching the question of contributory negligence, as requested by defendant, is assigned as error. In so far as these instructions stated the law applicable to the case, the matters contained therein were fully covered by instructions given upon the law of contributory negligence. Instruction "M," to the effect that defendant had a right to assume that plaintiff was in full possession of her faculties of sight and hearing, unless he had notice to the contrary, was properly refused because there was no claim that plaintiff was not in full possession of such faculties, or that by reason of the want thereof any greater duty devolved upon defendant. Instruction "C," to the effect that it was the duty of plaintiff when she alighted from the car to exercise her faculties of sight and hearing in order to apprise herself of danger, and that to look in a careless manner was as negligent as not to look at all, and that if she could by looking have known of the approach of the automobile it was negligent not to look was properly refused because it failed to state the law applicable to the case. As we

have seen, it was shown by the evidence that the collision occurred while the plaintiff was within the protected zone, within which defendant was prohibited by ordinance from running his auto, and hence imprudence and want of care cannot be predicated upon the fact that plaintiff did not assume a violation of law on the part of defendant.

The record discloses no prejudicial error, and the judgment and order appealed from are, therefore, affirmed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 4, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 13, 1914.