[Civ. No. 3367. First Appellate District, Division Two.—May 21, 1920.]

## JOHN W. KOEHL et al., Respondents, v. ADOLPH D. CARPENTER et al., Appellants.

[1] NEGLIGENCE—ACTION FOR DAMAGES FOR DEATH—ABSENCE OF CONTRIBUTORY NEGLIGENCE—EVIDENCE—FINDING—APPEAL.—In an action for damages for death caused by the deceased having been struck by an automobile, a finding by the trial court that the deceased was not negligent, if supported by sufficient evidence, will not be disturbed on appeal.

[2] ID.—CROSSING OF STREET BY PEDESTRIAN—CARE REQUIRED.—There is no positive duty on the part of pedestrians about to cross a street to stop, look, and listen, but the question of negligence, under the usual rule of ordinary care that devolves upon foot-travelers, must be examined in the light of all the attending circumstances, one of which may be knowledge of the existence of a statute or an ordinance prescribing fixed regulations for observance by automobile drivers.

[3] ID.—DUTY OF MOTORISTS TRAILING OR PASSING CARS—ABILITY TO COMPLY WITH MUNICIPAL ORDINANCE.—In view of the obvious danger of passing street-cars when they stop for the accommodation of passengers, it behooves motorists neither to trail cars so closely that they cannot comply with a muncipal ordinance which requires them to stop at least ten feet in the rear of such street-car, nor to attempt to pass a street-car at a regular stopping point until they are sure that there will be no stop.

[4] ID.—MEASURE OF DAMAGES—PROVINCE OF TRIAL COURT—APPEAL.—The amount of damages to be allowed the plaintiffs for the death of their daughter due to the negligence of the defendants is a matter peculiarly within the province of the trial court, and its action will not be disturbed on appeal unless the amount is so disproportionate to the injury as at first glance to shock the conscience.

[5] ID.—FUNERAL EXPENSES—PLEADING—FINDING—EVIDENCE.—In such action, an allegation that certain indebtedness covering the cost of burial had been incurred is sufficient to support a finding that plaintiffs were damaged to that amount; and the defendants will not be heard to contend on appeal that the damages should not have included that amount because the bill was not paid by either of the plaintiffs, where the colloquy between counsel at the time

<hr />

2. Duty of pedestrians to look out for automobiles, notes, 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179.

the bill was offered in evidence was sufficient to sustain the im-
plied finding that, though the bill was made out to the brother of
the deceased, the expense was incurred by plaintiffs, and counsel
for defendant stated at that time that he would not raise any
objection to the bill.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Drake for Appellants.

G. C. De Garmo for Respondents.

BRITTAIN, J.—The defendants, sued as husband and
wife, by the parents as heirs of Mae C. Koehl, who died
as the result of being struck by an automobile driven by
Mrs. Carpenter, appeal from a judgment for $1,000 ren-
dered by the trial court sitting without a jury. The appel-
lants rely on three grounds which will be disposed of in the
order of their presentation, after the following statement
of facts shown by the record:

Mae Koehl was between twenty-one and twenty-two years
of age. She had previously been employed as a cashier in a
business concern in Los Angeles. She was out of employ-
ment for about a month during which time she remained
at home, helping with the household duties. She then went
to work as an assistant bookkeeper in the office of her
father, who, with his son, was engaged in the manufacturing
business. She had been so occupied about a month, and was
acquainted with the streets in Los Angeles and with the par-
ticular crossing, near her place of business, where the acci-
dent occurred.

At the time of the accident, in November, 1917, there was,
and had been from some time in 1914, an ordinance of the
city of Los Angeles which provided that it should be un-
lawful for the driver of any vehicle, "upon overtaking any
street or interurban railway car which has stopped for the
purpose of discharging or taking on any passengers, to fail,
neglect or refuse to stop such vehicle at least ten feet in the
rear of such . . . car and to keep such vehicle standing
where so stopped until such passengers or intending pas-

sengers have safely alighted from or boarded said . . . car, or until such . . . car shall have started.''

About noon on November 27, 1917, Mae Koehl was a passenger on a street-car running west on Seventh Street, and told the conductor to stop the car at Anderson Street. The car stopped on the east side of Anderson Street at the corner and she alighted, starting to walk diagonally in a northwesterly direction toward the sidewalk at the corner of Seventh and Anderson Streets. The conductor heard a scream and the car, which had started and had gone a few feet, again stopped. The conductor saw her reach a point three or four feet from the curb line when she was struck.

Mrs. Carpenter was driving her motor west on Seventh Street, trailing the street-car, and had been following it for several blocks. At the time of the accident, she testified she was moving at the rate of about ten miles per hour. She did not stop the automobile, nor did she sound any warning as she approached the crossing. She testified that she thought the car was slowing down for the crossing; that when she saw Miss Koehl in the act of alighting she screamed, and being afraid that the brakes would not hold she turned the machine sharply to the right to avoid the impending collision. She did not run it into the sidewalk, but turned it so that it continued its course westerly near the curb. She testified that the brakes were in good order, and that at the rate at which she was traveling she could have stopped the car in about five feet. The street-car had been running at about six or eight miles an hour, and as it reached Anderson Street Mrs. Carpenter turned from immediately behind it to the north side to pass it while crossing Anderson Street. She testified she had put on the footbrake, but when she struck Miss Koehl she lost control of herself and did not know what happened. When she first saw Miss Koehl she was ten or fifteen feet away. Miss Koehl was struck when she was near the curb line of Anderson Street and her body was carried nearly to the middle of the street, the automobile running over her and for ten to fifteen feet beyond.

During the trial the plaintiffs' attorney said: ''Here is a list of the costs of burial, subject to your objections as to some items.'' The attorney for the appellants replied: ''Yes, Bresee Brothers have put it in. I suppose we have to pay

these things when we die. I will not raise any question about it.'' The document was marked plaintiffs' exhibit 3, and was in the form of a receipted bill of Bresee Brothers, undertakers, for $272.50, funeral expenses of Mary Koehl. It was made out to Albert Koehl, a brother of Miss Koehl.

[1] The appellants argue that Miss Koehl was guilty of contributory negligence. This court cannot so determine as a matter of law in view of all the circumstances. Considered as a question of fact, it was determined by the trial court adversely to the appellants. There was sufficient evidence to sustain its finding. In such a case that finding will not be disturbed on appeal. The rules of law concerning the respective rights and obligations of persons using the public streets recently received lengthy consideration by the supreme court. [2] It was there held that there is no positive duty on the part of pedestrians about to cross a street to stop, look, and listen, and that the question of negligence, under the usual rule of ordinary care that devolved upon foot-travelers, must be examined in the light of all the attending circumstances, one of which may be knowledge of the existence of a statute or an ordinance prescribing fixed regulations for observance by automobile drivers. (*Mann* v. *Scott,* 180 Cal. 550, [182 Pac. 281].)

[3] It is argued that the ordinance was only operative against those automobile drivers who are so far back of a street-car as to be able to stop ten feet in the rear of the street-car when it stops for the purpose of taking on or discharging passengers. There are two answers to this contention. Cars ordinarily stop for those purposes at street corners. In view of the obvious danger of passing cars when they do stop for the accommodation of passengers it behooves motorists neither to trail cars so closely that they cannot comply with the ordinance nor to attempt, as Mrs. Carpenter did, to pass a car at a regular stopping point until they are sure that there will be no stop. Further the court is of the opinion that regardless of the provisions of the ordinance, there is ample evidence to sustain the judgment.

[4] It is next contended that the damages are excessive, but the amount of damages is a matter peculiarly within the province of the trial court, and its action will not be disturbed unless the amount is so disproportionate to the injury

as at first glance to shock the conscience. This does not appear to be the case in the present instance. (*Martin* v. *Shea*, 182 Cal. 130, [187 Pac. 23].)

[5] Lastly it is contended that the damages should not have included the amount paid to the undertaker, because the bill was not paid by either of the plaintiffs. The allegation of the complaint was that these expenses had been incurred. This was sufficient to support the finding that the plaintiffs had been damaged to the amount of $1,000, including funeral expenses of $272.50. The colloquy between counsel at the trial regarding the funeral expenses is sufficient to support the implied finding that though the bill was made out to the brother of Miss Koehl, the expense was incurred by her parents, the plaintiffs. If timely objection had been made, the plaintiffs might have supplied the missing proof. After the statement of counsel for the appellants that he would not raise any objection about it, referring to the list of costs of burial, that objection will not be seriously considered here.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent, and Olney, J., who did not vote.