[Civ. No. 4652. Second Appellate District, Division One.—June 16, 1926.]

ANNA L. GONNERMANN, Respondent, **v.** WILLIAM F. ROBERTS, Appellant.

[1] NEGLIGENCE — PEDESTRIAN STRUCK BY AUTOMOBILE — EVIDENCE — MOTOR VEHICLE ACT—INSTRUCTIONS.—In an action for damages for injuries resulting from negligence of defendant in operating an automobile which struck plaintiff immediately after she had alighted from a street-car, the trial court properly refused an instruction for a directed verdict in favor of defendant, where plaintiff, after she had stepped from the car to the street, did not take another step forward, and there was sufficient room for the automobile driven by defendant to have passed her without even going close either to her or to the cement curb on the near side of the street, and plaintiff had a right to assume that the automobile would clear the car at least six feet, as required by subsection (o), section 20, of the Motor Vehicle Act of 1915, as amended (Stats. 1919, p. 217).

---

(1) 29 C. J., p. 668, n. 13; 29 Cyc., p. 516, n. 9; 38 Cyc., p. 1569, n. 6, p. 1578, n. 40.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joe Crider, Jr., and Chandler P. Ward for Appellant.

E. B. Drake for Respondent.

YORK, J.—Action to recover damages for injuries resulting from negligence of defendant in operating an automobile.

Appellant's statement of the matter involved in this appeal is: "The propositions involved on this appeal arise solely on the court's refusal to grant defendant's requested instruction No. 1 for a directed verdict in favor of the defendant."

[1] According to the evidence, the plaintiff stepped from the street-car into the street where there was sufficient room for the automobile driven by the defendant to have passed her without even going close either to her or to the cement curb on the near side of the street. In other words, if he had driven his car halfway between the car and the curb, there was sufficient room for him to pass without coming in contact with the plaintiff, or even proximately close to plaintiff. Therefore, the doctrine of "last clear chance" certainly cannot apply to the facts involved in this matter. The authorities cited by appellant do not cover the facts involved herein. As we view it, the question is merely whether the defendant, who if he had been looking would certainly have seen the plaintiff, could, in the exercise of ordinary care, have avoided striking her, and whether as she stepped from the car to the street she should have anticipated that he would have passed closer to the car than to the curb or close enough to strike her.

We can see no element of contributory negligence in the way that she alighted from the car. She stepped from the car to the street, but did not take another step forward. Under the circumstances shown, she had a right to assume that the automobile driven by the defendant would clear the car at least six feet, as was required by the Motor Vehicle Act of 1915, section 20, subsection (o), as amended (Stats. 1919, p. 217), as follows: "In passing any railroad, interurban or street car while passengers are alighting from or boarding the same, vehicles shall be operated or driven on the right-hand side of such cars and at a rate of speed not exceeding ten miles an hour and no portion thereof or of any

load thereon shall come within six feet of the running board or steps of such cars, and shall at all times be operated with due care and caution so that the safety of such passengers shall be assured: . . . '' (See, also, present California Vehicle Act, sec. 134 [Stats. 1923, p. 560].)

The only movement of the plaintiff, after she had reason to believe that she was in danger of being struck by the defendant, was to move her body back toward the street-car step. There was nothing to obstruct the view of the driver of the machine; there was nothing in the road that would interfere with his seeing. He testifies that his brakes were in such shape that he could stop within but a very few feet; in fact, within one-fifth or one-sixth of the distance that he was from her at the time that she alighted from the car.

Therefore, under the authority of the case of *Mann* v. *Scott,* 180 Cal. 550, 554 [182 Pac. 281], it would have been error for the trial court to have given the instruction, under the facts and circumstances here shown, directing a verdict in favor of the defendant.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.