[Civ. No. 7610. First Appellate District, Division Two.—September 14, 1931.]

MARKET STREET RAILWAY COMPANY (a Corporation), Respondent, v. B. P. GEORGE et al., Appellants.

WILLIAM HARRIS, Respondent, v. B. P. GEORGE et al., Appellants.

J. Hampton Hoge and A. Dal Thomson for Appellants.

William M. Abbott, Kingsley W. Cannon, Cyril Appel, Ivores R. Dains, Millins & Wynkoop and Carl W. Wynkoop for Respondents.

DOOLING, J., *pro tem.*—Appeal from an order granting plaintiffs a new trial after verdict and judgment for defendants. Respondent Harris sued to recover for personal injuries alleged to have been negligently inflicted by defendants. Respondent Market Street Railway Company having paid compensation to Harris for his injuries under the Workmen's Compensation Act brought a separate action under the statutory subrogation. The two actions were consolidated for trial and tried together before the same jury.

The motion for new trial was granted on the ground of insufficiency of the evidence and we cannot reverse the trial court's order unless we find that there is not sufficient evidence in the record to support a judgment for plaintiffs. We shall therefore confine our statement of the evidence to that which is most favorable to plaintiffs.

Respondent Harris was struck by a truck driven by appellant Vlandis just after alighting from a street-car on Stanyan Street at its intersection with Haight Street in San Francisco. On Stanyan Street at this point and for some distance in either direction there are two parallel street railway tracks. The space between the inner rails of the two tracks is six feet four inches. The car from which Harris alighted had been traveling in a southerly direction on the westerly track and came to a stop with its front end opposite the northerly property line of Haight Street. This is the terminus of the car in question and it is the custom of the railway company at this point to discharge its passengers from the southerly end of the street-car on its easterly or inner side. In accordance with this custom Harris stepped

off the street-car on the evening in question into the space between the two tracks and without taking his hand from the stanchion of the car turned to his left and stood with his knee touching the step of the car waiting to assist a crippled passenger to alight. While in this position he was struck by the truck which was proceeding northerly on Stanyan Street.

At no time before he was struck did Harris look southerly on Stanyan Street for vehicles approaching from the south and appellants claim that because of this failure to look Harris was guilty of contributory negligence as a matter of law. The distance between the inner rails of the two tracks was, as we have said, six feet four inches. This would give a space of three feet two inches between the inner rail of the westerly track and the center line between the two tracks. The overhang of the street-car was two feet beyond the rail. This allowed a space of more than one foot between the step of the car and the center line. As Harris stood facing the car with his knee touching the step it is not shown that any portion of his body extended beyond the center line. Under such circumstances, can it be said that Harris was guilty of contributory negligence as a matter of law? We are satisfied that it cannot. Harris would be entitled to assume that no vehicle north bound on Stanyan Street would be operated upon any portion of the street westerly of the center line. "There is no positive duty on the part of pedestrians about to cross a street to stop, look and listen, and . . . the question of negligence . . . must be examined in the light of all the attending circumstances, one of which may be knowledge of the existence of a statute or an ordinance prescribing fixed regulations for observance of automobile drivers." (*Koehl* v. *Carpenter,* 47 Cal. App. 642, 645 [191 Pac. 43, 44]; *Mann* v. *Scott,* 180 Cal. 550 [182 Pac. 281]; *Bolles* v. *Boone,* 66 Cal. App. 238 [225 Pac. 775]; *Gonnermann* v. *Roberts,* 78 Cal. App. 378 [248 Pac. 749]; *Medlin* v. *Spazier,* 23 Cal. App. 242 [137 Pac. 1078].) All of these cases had to do with passengers boarding or alighting from street-cars and while the circumstances of each and the statutory regulations involved differed from those in the case at hand the principle involved is controlling.

We do not wish to be understood as holding that even if Harris' body was a slight distance over the center line of the street when he was struck he would be guilty of negligence as a matter of law. At a regular stopping place of the car where it was the custom for passengers to alight on the left-hand side of the car, we think that it should be a question of fact for the jury in any event whether a passenger in alighting and before taking a step away from the car was guilty of any negligence in not looking for traffic. It would seem to present a question for the jury as to whether a man of ordinary prudence would reasonably anticipate that an automobile would be driven so close to the standing car as to endanger persons alighting therefrom.

Appellants further urge that as to appellants other than Vlandis the evidence is such as to compel a judgment in their favor. It appears in this regard that the other appellants were the owners of the truck and the employers of Vlandis, that it was Vlandis' duty to drive the truck, that Vlandis was employed to haul produce from San Francisco to Petaluma and had come from Petaluma that day with the truck to haul a load back to Petaluma the following morning, and that it was Vlandis' duty to take the truck to a garage and leave it there for the night. These facts being established Vlandis testified that while on the way to the garage and a few blocks from the scene of the accident he had decided to go to the Park Athletic Club to attend an athletic event and had already turned from the direct route to the garage to go to this club when the accident occurred. Appellants other than Vlandis claim that from this evidence the court and jury would be compelled to find that Vlandis was not acting within the scope of his employment at the moment of Harris' injury.

It being established that the truck was owned by these appellants and that Vlandis was their employee employed to drive it, the court was entitled to draw the inference that Vlandis was acting within the scope of his employment. (*Grantham* v. *Ordway*, 40 Cal. App. 758 [182 Pac. 73]; *Wagnitz* v. *Scharetg*, 89 Cal. App. 511 [265 Pac. 318]; *Perry* v. *Paladini, Inc.*, 89 Cal. App. 275 [264 Pac. 580]; *Ransford* v. *Ainsworth*, 196 Cal. 280 [237 Pac. 747].) Appellants, however, insist that his inference cannot stand against the positive testimony of Vlandis to the contrary and

cite *Kish* v. *California State Automobile Assn.*, 190 Cal. 246 [212 Pac. 27], and *Gousse* v. *Lowe*, 41 Cal. App. 715 [183 Pac. 295]. To these cited cases might well be added *Maupin* v. *Solomon*, 41 Cal. App. 323 [183 Pac. 198]. These cases may fairly be said to hold that in the face of clear, positive and convincing testimony to the contrary the inference that an employee driving an automobile owned by his employer is acting within the scope of his employment cannot stand. For the purposes of this case we may accept this as the existing law, although it might well be argued that the foundation of these decisions is at least shaken by the later holdings in *Wagnitz* v. *Scharetg, supra, Perry* v. *Paladini, Inc., supra,* and *Poncino* v. *Reid-Murdoch & Co.*, 212 Cal. 325 [298 Pac. 818]. Nor need we speculate here as to the relation between inferences and presumptions or whether the rule so recently reaffirmed in *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529], has application to an inference or applies only to a presumption. Those questions, in our view of it, are not necessarily here involved.

We are content to rest our decision in this case on another ground. It has always been the rule that courts and juries are not bound by mere swearing no matter how positive, unless it be credible swearing. It may bear within itself the seeds of its own destruction, as where it is inherently improbable, or its destruction may be wrought from without, as where the person swearing is in some manner impeached. In either case court and jury are entitled to disbelieve the testimony if they choose, and if they do refuse it credence it is of no more effect than if it had not been given. It disappears from the case and the inference opposed to it is no longer contradicted.

In this case we must assume in support of the order granting a new trial that the court chose to disbelieve Vlandis' testimony that he was on an errand of his own. This, under settled principles, the court was entitled to do if it could reasonably find that Vlandis had wilfully sworn falsely to a material fact. In *Estate of Friedman*, 178 Cal. 27, 32 [172 Pac. 140, 143], the Supreme Court said: "If it can fairly be said that these witnesses wilfully swore falsely as to any material fact, the court was justified in rejecting their whole testimony. (Code Civ. Proc., sec. 2061, subd. 3.)" Applying this rule to our case it is sufficient to

point out that while other witnesses testified that Harris stood facing the street-car after alighting from it Vlandis said that he took several steps away from it and walked directly in front of the truck; other witnesses testified that the truck was straddling the inner rail of the easterly track, Vlandis said his left wheels were between the two rails of that track; Vlandis testified that his headlights were lighted, other witnesses said that they were not; Vlandis placed his speed at eight to twelve miles per hour, other witnesses at twenty miles per hour; Vlandis said that the street-car was twenty feet back of the property line of Haight Street, other witnesses testified that its southerly end was even with the property line. In fact the story of the accident as told by Vlandis differed in almost every material particular from that told by the other witnesses. The court may reasonably have concluded that Vlandis' testimony was wilfully false in these particulars and as a consequence have decided to disbelieve his testimony that he was at the time on an errand of his own. If so there remained no credible testimony opposed to the inference that Vlandis was acting in the scope of his employment.

The order appealed from is affirmed.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 14, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 12, 1931.