[Civ. No. 9608.   Second Appellate District, Division Two.—April 23, 1935.]

EDWARD HOFFMAN, Respondent, v. C. H. MAGUIRE, Appellant.

George D. Blair for Appellant.

A. A. Rotberg for Respondent.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiff against the defendant for damages for injuries resulting from an automobile accident. The plaintiff, a newsboy, was standing in a pedestrian crosswalk as defined by section 131½ of the California Vehicle Act selling his papers. The defendant, coming in his car at a fast rate of speed, suddenly turning his automobile to the right and running his right wheels through a safety zone, struck plaintiff and injured him. All this occurred at an intersection where it was the duty of defendant to make a boulevard stop. The defendant makes no claim that he was not guilty of negligence. His defense was that the plaintiff was guilty of contributory negligence. On this issue the trial court found for the plaintiff. In its findings of fact the court included in the detailed findings "that plaintiff was standing at the place where he was struck by defendant for approximately two minutes prior to the time he was struck, and that plaintiff did not look in an easterly direction to observe the traffic approaching him from the east on Pico street for at least thirty seconds prior to the time that plaintiff was struck by defendant's automobile; . . . " The defendant contends that for a person to stand in an intersection of a busy highway for two minutes is negligence itself, but to fail to look for thirty seconds in the direction in which traffic was coming is gross negligence. Defendant asks us to find the plaintiff guilty of negligence *as a matter of law.*

Whether or not a person is guilty of negligence is ordinarily a question of fact to be determined by the fact finder upon all the facts and circumstances in evidence bearing upon the question. It is not negligence as a matter of law for a person in a pedestrian zone to fail to

look for approaching vehicles for a period of thirty seconds. Negligence is a comparative and not a positive term and its use is relative. The defendant contends that the newsboy must exercise the same degree of care in the street as a pedestrian. This is true. The rights of both are determined by the same rule. They both must exercise reasonable care for their own safety. On the other hand what an ordinarily prudent person would do under one set of circumstances and what the same ordinarily prudent person would do while acting under another set of circumstances might be very different. There is no merit in defendant's contention.

Judgment affirmed.

Scott, J., *pro tem.*, and Stephens, P. J., concurred.