[Civ. No. 10906. Second Appellate District, Division Two.—June 24, 1936.]

SAM LEWIN, Respondent, v. M. MARGOLIS et al., Appellants.

Gibson, Dunn & Crutcher and E. H. Chapman for Appellants.

John L. Fleming and Louis T. Fletcher for Respondent.

WOOD, J.—Defendants appeal from a judgment in plaintiff's favor in the sum of $1500 entered upon the return of a jury's verdict. On February 25, 1935, plaintiff was standing on the sidewalk close to the edge of the curb at the corner of Adams and Trinity Streets in the city of Los Angeles. Defendant Acosta was driving a truck owned by the other defendants westerly along Adams Street and as he approached the intersection of Trinity Street he suddenly swerved the truck to the right. The front wheels of the truck passed the curb and the rear wheels struck against the curb but did not pass over it. The body of the truck extended beyond the wheels in such a manner that there was an overhang varying in width at different parts of the truck. Some portion of the body of the truck struck plaintiff, who was injured by the impact. Defendant Acosta testified that as he drove along Adams Street at about a half block east of Trinity Street he passed two automobiles which were running abreast, the drivers holding a conversation and proceeding very slowly; that after passing these automobiles he turned from the center of Adams Street to the right to a point where the right wheels of his truck were about ten feet from the curb; that one of the cars he had just passed,

a light sedan, caught up with him as he arrived at the east curb line of Trinity Street and "cut into" his path, forcing him to make a right turn. In their answer defendants deny negligence on the part of Acosta and allege contributory negligence on the part of plaintiff.

Defendants contend that the evidence is not sufficient to establish negligence on the part of Acosta and that it is sufficient to establish contributory negligence on the part of plaintiff. By its verdict the jury impliedly found against defendants on these contentions. An examination of the record discloses substantial evidence to sustain the jury's findings, which are therefore binding upon us now.

■ Defendants contend that the trial court erred in refusing to give certain instructions requested by them on the subject of contributory negligence while at the same time giving certain "anticipatory instructions" on the same subject at the request of plaintiff. No evidence was presented from which the jury could reasonably infer that plaintiff was guilty of any negligence whatever. Consequently defendants, having suffered no prejudice, are not in a position to complain. Moreover, in the so-called "anticipatory instructions" the court sufficiently informed the jury on this subject to enable them to fairly pass upon the issue.

■ Defendants complain of the giving of the following instruction: "I instruct you that the law presumes that a person takes ordinary care for his own protection and safety. This is denominated a disputable presumption and may be controverted by other evidence. But, if uncontradicted, this presumption should be considered along with all the other evidence of the case." This instruction should not have been given. In *Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 Pac. 529], such an instruction was approved for the reason that the party whose conduct was in question had died. "In the absence of his testimony as to how he met his death the court indulged in the presumption that the deceased took ordinary care of his own concerns." In the present case both the plaintiff and the driver of the truck testified at the trial and related the circumstances of the accident. The error, however, does not call for a reversal of the judgment since it was not prejudicial. (Code Civ. Proc., sec. 475.) In *Paulsen* v. *McDuffie*, 4 Cal. (2d) 111 [47 Pac. (2d) 709], the Supreme Court in considering a similar in-

struction said: "That instruction had no place in this case and should not have been given. Had this been a case where the contributory negligence of the plaintiff would have defeated his claim for damages, the consequences following the giving of that instruction might have been most serious, and possibly might have required a reversal of the judgment. In the present action, however, we have, as shown in the discussion herein, been much more concerned with the action of defendant's employees, and with the question of their negligence, than we have in the conduct of the plaintiff." In the absence of a showing of contributory negligence it cannot be successfully argued that defendants were prejudiced by the instruction. Under the evidence the jury could not have done other than find for plaintiff on this issue.

■ Defendants further contend that the trial court erred in refusing to give an instruction requested by them in the following language: "The mere fact that a collision occurred raises no presumption whatever of negligence against the defendants. The burden is upon the plaintiff to prove by evidence other than the mere fact of the collision that the defendants were guilty of some one or more of the acts of negligence specified in the complaint and that such acts of negligence on the part of the defendants directly caused or contributed to the collision." The court did in fact instruct the jury that the burden was upon the plaintiff to prove negligence on the part of defendants and that such negligence caused plaintiff's injuries. The court also defined what is meant by the term, unavoidable accident. Under the circumstances defendants were not prejudiced by the failure to give the additional instruction requested. In *Medlin* v. *Spazier*, 23 Cal. App. 242 [137 Pac. 1078], the court was considering the failure to give an instruction which it was directed to give by section 2061 of the Code of Civil Procedure. The court said: "Such instruction, however, belongs to that class of instructions which are said to pertain to mere commonplace matters that jurors are presumed to know about and act upon in the absence of being instructed thereon." This statement can well be applied to the present situation, as also the further language of the court: "In our opinion, had it been given, the verdict must necessarily have been the same." Moreover, the instruction as given is subject to criticism in that the defendants were singled out

without mention of plaintiff. The rule applies equally to both parties.

The judgment is affirmed.

Gould, J., *pro tem.*, and Crail, P. J., concurred.