352

[Civ. No. 13019. Second Dist., Div. Three. Sept. 10, 1942.]

WILLIAM W. STEWART, Appellant, v. BETTY CON-
NOLLY et al., Respondents.

Ralph C. Curren for Appellant.

Betts & Garrison and John A. Loomis for Respondents.

WOOD (Parker), J.—The jury returned a verdict in favor
of plaintiff for $1,200 damages for personal injuries. Defen-
dants' motion for judgment notwithstanding the verdict was
granted and judgment was entered in favor of defendants.

Plaintiff appeals from the judgment. The question upon appeal is whether plaintiff was guilty of contributory negligence as a matter of law.

Defendant Betty Connolly, seventeen years of age, had possessed an automobile operator's license three months at the time of the collision. Defendants Elizabeth Connolly and Frank J. Connolly, the parents of Betty, signed her application for the operator's license which was issued to her and they were included as parties to the action by reason of the liability imposed upon them as such signers by section 352 of the Vehicle Code. Betty Connolly will be referred to hereinafter as the defendant.

Viewing the evidence in the light most favorable to plaintiff, without regard to any asserted contradictions in the proof, as the rule requires the court to do in determining the propriety of a judgment notwithstanding the verdict (*Neel* v. *Mannings, Inc.*, (1942) 19 Cal. (2d) 647, 652 [122 P. (2d) 576]), the following appears:

On November 21, 1939, about 4:30 p. m., plaintiff was a passenger in the front open section of a street car proceeding west on West Seventh Street in Los Angeles. After the street car had crossed Hoover Street and gone about one-third the distance of 400 feet from Hoover Street to the next street car stop, plaintiff pressed the buzzer to signal the motorman to stop at the next stop. The motorman then commenced to slow up, threw off the power and coasted down the hill about 150 feet. Then, when he was about 150 feet from the place where he stopped, he put on the brakes and commenced to stop. He stopped at an overhead triangle stop sign for street cars about 400 feet west of Hoover Street. He did not make an emergency stop but made an ordinary, usual stop. The overhead stop sign was hanging on a wire which extended from the trolley wire to a post by the north curb and was about 120 feet east of the east curb line of Magnolia Street which intersected the south curb of West Seventh Street. Magnolia Street did not extend across or continue north of West Seventh Street, but ended at the south curb of West Seventh Street. The highest speed of the street car after it left Hoover Street until it started to stop was 16 to 18 miles an hour.

After giving the signal to stop, plaintiff went to the front of the car, stood there, the car stopped, the door opened by

breaking in half and folding against the right side of the doorway, plaintiff alighted from the street car and took one step straight forward. When he was about 2½ feet from the street car he was struck by an automobile driven by defendant, was knocked into the air and he landed 18 or 20 feet in front of the street car. The automobile made skid marks 39 feet in length and stopped about 18 or 20 feet in front of and to the right of the street car.

There was no passenger safety zone on the street at the place where the street car stopped. The distance from the curb to the street car track was 20 feet and the street car was 47 feet in length.

While plaintiff was standing at the front door on the north side of the street car about the time the street car came to a stop he looked back to the right or along the north side of the street car toward the rear and could see for a distance of 10 feet toward the rear. He did not see an automobile proceeding on the north side of the street car or at all before he left the street car platform to descend the two street car steps to the street. In leaving the street car platform he gave his attention to descending the steps to the street and proceeding one step on the street toward the curb and did not look toward the rear again until he turned partially to the right immediately before the automobile struck him.

Defendant was about two automobile lengths behind the street car when the street car started to stop about 150 feet from the place where it stopped and she did not decrease her speed of 30 or 35 miles an hour. When the street car stopped she was 180 feet from the front end of the street car and did not stop or decrease her speed. She decreased speed when the automobile was ''somewhere near the middle'' of the stopped street car, but she continued forward making skid marks 39 feet in length and stopped about 18 or 20 feet beyond the front of the street car.

The above mentioned surrounding circumstances, as shown by the evidence, are those most favorable to plaintiff.

■ Respondents claim that appellant was guilty of negligence as a matter of law for the reason he did not look toward the rear of the street car for approaching traffic while descending the steps of the street car and proceeding toward the curb. It is conceded on this appeal that respondent Betty Connolly was negligent.

Appellant contends that the question whether or not he was guilty of contributory negligence was one of fact for the jury.

It was the duty of defendant by virtue of the provisions of section 571, subdivision (a), of the Vehicle Code, there being no marked passenger safety zone at the place where the street car stopped, to stop the automobile to the rear of the rear door of the street car and remain standing until the plaintiff had reached a place of safety. Said section of the Vehicle Code provided as follows: "The driver of a vehicle overtaking any . . . street car stopped or about to stop for the purpose of receiving or discharging any passenger, shall stop such vehicle to the rear of the nearest running board or door of such . . . street car and thereupon remain standing until all passengers have boarded such car or upon alighting have reached a place of safety. . . ."

When the street car stopped at said place, a regularly designated and marked street car stop, the rectangular area on the street between the north or right side of the street car and the north curb of the street extending from the rear of the rear door of the street car to the front of the street car, became an area into which it was unlawful for vehicles to enter until plaintiff had arrived at a place of safety. By reason of such provision of the Vehicle Code and such stopping of the street car it became lawful for plaintiff to be in that area to the exclusion of the automobile driven by defendant. That area was established by statute for the protection of plaintiff in alighting from the street car and proceeding in said area to the north curb.

"The existence or lack of contributory negligence must be determined from all the facts of the case, one of which may be knowledge of a law imposing a regulation upon an automobile driver for the protection of the pedestrian at the scene of the accident. When such a law exists, the question of whether a plaintiff took due precaution for his own safety is usually a question of fact for the trial judge and not one of law for the appellate court." (*Garrison* v. *Booth*, (1935) 10 Cal. App. (2d) 738, 741 [52 P. (2d) 535].)

In the case of *Medlin* v. *Spazier*, (1913) 23 Cal. App. 242 [137 Pac. 1078], the plaintiff had alighted from a street car, was within an area of four feet next adjoining the right side of the street car and was struck by defendant's automobile. An ordi-

nance provided that automobiles should not be driven within such area of four feet of a stopped street car. Plaintiff had not looked in the direction of the approaching automobile. Defendant claimed that plaintiff was guilty of contributory negligence as a matter of law. The court said, at page 244: "This contention is without merit. Negligence is a comparative term, and hence the degree of care which in one case would constitute negligence might in another be deemed the exercise of more than prudence. Of necessity the question presented is nearly always one of fact for the jury to determine from the circumstances surrounding the case." That case further stated at page 245: "Plaintiff had the right to assume that while within such zone she occupied a position of safety, and in the absence of any warning or reason to believe that defendant would violate the city ordinance, she was not negligent in failing to look up and down the street when she alighted from the car to see if the drivers of approaching vehicles were operating same on that 'part of the street upon which they were prohibited from traveling. . . . Being lawfully there, she had the right to assume that for the time being she would be as safe from collision with automobiles as she would be upon the sidewalk."

It was claimed in the case of *Market Street Ry. Co.* v. *George,* (1931) 116 Cal. App. 572 [3 P. (2d) 41], that the individual plaintiff was guilty of negligence as a matter of law. The street car had stopped at the end of the line and it was the custom to discharge passengers from the left side. Plaintiff alighted into the space of about one foot between the left side of the street car and the center of the street and was standing there facing the street car, assisting another person to alight, when he was struck by defendant's truck. At no time before he was struck did plaintiff look for approaching vehicles. The court stated at page 574: "Under such circumstances, can it be said that Harris [plaintiff] was guilty of contributory negligence as a matter of law? We are satisfied that it cannot. Harris would be entitled to assume that no vehicle north bound on Stanyan Street would be operated upon any portion of the street westerly of the center line. 'There is no positive duty on the part of pedestrians about to cross a street to stop, look and listen, and . . . the question of negligence . . . must be examined in the light of all the attending circumstances, one of which may be knowledge of the existence of a statute

or an ordinance prescribing fixed regulations for observance of automobile drivers.' '' In that case the circumstances were comparable to the circumstances in this case. It is to be noted that the case of *Medlin* v. *Spazier, supra,* decided in 1913, was cited with approval in the case just referred to, decided in 1931.

In *Mann* v. *Scott,* (1919) 180 Cal. 550 [182 Pac. 281], the plaintiff was struck by an automobile while she was attempting to cross from the sidewalk to a stopped street car. Plaintiff looked for approaching vehicles as she stepped from the sidewalk but did not look again after leaving the sidewalk. An ordinance required drivers of vehicles intending to pass a stopped street car to stop the same at least ten feet to the rear of such street car to protect passengers boarding the street car. The court said at page 554: ''The question of negligence, under the usual rule of ordinary care that devolves upon foot-travelers, must be examined in the light of all the attendant circumstances, one of which may be knowledge of the existence of a statute or an ordinance prescribing certain fixed regulations for observance by automobile drivers. And it may be that if the jurors . . . concluded . . . that if she did see the automobile before leaving the sidewalk, she reasoned that its driver would comply with the city ordinance . . . requiring an automobile traveling behind a street-car to stop ten feet in the rear of the car if it stops to let off or take on passengers, until the passengers have safely alighted from or boarded the car. Whether, if she saw the automobile, respondent would have been warranted in going toward the street-car without further watching the automobile approach, relying upon a compliance by the appellants with the requirements of the ordinance, was a question upon which men's minds might well differ, and hence it was properly a case for the jury. . . .''

In the case of *Hoffman* v. *Maguire,* (1935) 6 Cal. App. (2d) 398 [44 P. (2d) 444], the plaintiff, a newsboy, had been standing in a pedestrian cross walk two minutes and had not looked for thirty seconds in the direction of the approaching automobile which struck him. It was claimed that he was guilty of contributory negligence as a matter of law. The court stated at page 399: ''It is not negligence as a matter of law for a person in a pedestrian zone to fail to look for approaching vehicles for a period of thirty seconds.''

In the case of *Gornstein* v. *Priver,* (1923) 64 Cal. App.

249 [221 Pac. 396], it was stated at page 259: " 'While a person who asserts a right of recovery on the ground of negligence must be prepared to show that he exercised vigilance to discover and avoid the danger embodied in the offending instrumentality, he excuses himself for an omission to take active measures —such as looking, listening and making inspections—by proof that the defendant owed to him a duty of care, and that he relied upon the performance thereof.' "

In respondents' brief it is stated, "That a passenger alighting into a safety zone would not be negligent in failing to look until she was about to leave the zone of safety, cannot be disputed." It is further stated in the brief, "It is undisputed that a person is not required to look where he is not entering a position or place of danger."

Respondents argue that the case now before the court is to be distinguished from *Medlin* v. *Spazier, supra* (wherein there was a prohibited zone "four feet wide"), for the reason that in that case plaintiff was standing in a zone of safety whereas in the present case there was no safety zone, no markings were on the pavement to indicate a car stop and plaintiff was moving. The area "four feet wide" in which vehicles were forbidden, referred to in *Medlin* v. *Spazier, supra,* also was not marked on the pavement but the stopping of the street car fixed the outline of the protected area in that case. In the present case, the area between the street car and the curb in which vehicles were forbidden likewise was not marked on the pavement but the stopping of the street car fixed the boundaries of the zone for the protection of alighting passengers. It seems to be respondents' position that as a matter of law a passenger in a safety zone "four feet wide" is not required to look for approaching automobiles, but a passenger in an unmarked area in which vehicles are forbidden, extending from the side of the stopped street car to the curb, is required as a matter of law to look for approaching automobiles.

If a passenger alighting from a street car is entitled to rely upon the protection afforded by an existing law forbidding automobiles from entering a safety zone "four feet wide," it would seem that a passenger should be entitled to rely upon the protection afforded by an existing law forbidding automobiles from entering a safety zone not restricted to "four feet wide" but extending from the street car to the curb.

In descending the street car steps, plaintiff was required to use ordinary care to avoid injury to himself which might come in various ways from the act alone of leaving the street car and not connected with automobile traffic, including an unexpected movement by the street car or slipping or stumbling by plaintiff. In the ordinary course of events the street car would have moved forward immediately after plaintiff was upon the pavement and he was required, in the exercise of ordinary care to avoid injury by the moving street car, to proceed at least a sufficient distance on the street to be in the clear of or away from the moving street car. The legislative enactment prohibiting drivers of automobiles from passing beyond the rear door of a stopped street car where there was no marked safety zone was for the protection of alighting passengers and undoubtedly was founded upon a recognition of the fact, among others, that such attention was required of passengers in alighting from a street car.

Defendant owed plaintiff a special duty of care to remain to the rear of the street car. Plaintiff was entitled to rely upon the protection afforded by the statutory provision creating a prohibited zone for automobiles between the stopped street car and the curb. The extent to which plaintiff was entitled to rely upon such protection depended upon all the attending circumstances.

The street car was 47 feet in length; defendant was traveling 30 or 35 miles per hour until she applied the brakes at the center of the stopped street car, about 23 feet from the front door; at that rate of speed she was traveling about 45 feet per second or one-half the length of the street car in one-half second; when the street car stopped defendant was about 180 feet from the front door or in measurement of time about 4 seconds from the front door, or about 157 feet or 3½ seconds from the center of the street car; a fraction of a second elapsed from the time plaintiff alighted upon the pavement until he was struck; plaintiff looked to the rear for approaching traffic before the front door was opened; he could see ten feet and did not see any traffic; he was required, in the exercise of ordinary care in the act of leaving the street car, to devote careful attention to the act of descending the street car steps and proceeding on the street a sufficient distance to clear the street car as it would move forward.

The circumstances presented herein were such that the

question as to whether plaintiff was guilty of contributory negligence was one, as stated in *Mann* v. *Scott, supra,* ". . . upon which men's minds might well differ, and hence it was properly a case for the jury."

Defendants rely principally upon the case of *Bence* v. *Teddy's Taxi,* (1929) 101 Cal. App. 748 [297 Pac. 128], to sustain their contention herein. The plaintiff therein alighted from a street car. There was a safety zone at the place where the street car stopped, four feet wide, outlined on the street and parallel with the street car. The distance from the safety zone to the curb was twelve and one-half feet. Plaintiff had left the safety zone without looking toward the rear of the street car, proceeded toward the curb in a pedestrian marked crosswalk without looking to the right, reached a point eight feet from where he alighted, and was struck by defendant's taxicab. The taxicab driver was not required to stop back of the stopped street car but was permitted to pass the street car in the space between the safety zone and the curb. In the present case the defendant was operating the automobile in an area in which the operation of automobiles was prohibited by statute. That case so relied upon is distinguishable, therefore, from the present case.

The judgment, and the order granting the motion for judgment notwithstanding the verdict, are reversed. It is ordered that the superior court enter judgment in accordance with the verdict of the jury.

Schauer, P. J., and Shaw, J., pro tem., concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 5, 1942.